E-FILED  2017 JUN 21 12:14 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF IOWA IN AND FOR POTTAWATTAMIE COUNTY

| | | |
|---|---|---|
| JANICE ADDISON, an Individual; and PAUL KLUG, an Individual, | ) ) ) | Case No. LACV114151 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| BUCK'S CORP. INC. d/b/a BUCKY'S EXPRESS, | ) ) ) | |
| Defendant. | ) | |

This matter came before the Court on the Defendant's motion to exclude expert opinion testimony of Jeremy Swenson and the Defendant's motion for summary judgment. The Defendant appeared by counsel Andrew Tice. Plaintiffs appeared by counsel Eric Hansen. The hearing was held on May 30, 2017. The Court being duly advised of the premises finds as follows:

This case involves the Plaintiffs' claims for damages arising out of Addison's slip and fall occurring at the Bucky's Express convenience store located at 2711 South 24th Street in Council Bluffs, Iowa, on February 6, 2014. Plaintiffs set forth in their petition that the Defendant was negligent in failing to warn, failing to exercise ordinary care inspecting the area, failing to maintain public areas and failing to take adequate safety measures. Klug's claim is based on loss of services and companionship for injuries suffered by Addison. Plaintiffs have listed Jeremy Swenson as an expert witness regarding snow removal. Swenson's qualifications are found in the file marked as Plaintiffs' Exhibit 1. Swenson has been engaged in the business of removal of snow and ice at commercial sites since 2005 when he founded his business. Defendant in support of its motion points out that pursuant to Rule 5.702 of the Iowa Rules of Evidence "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." Defendant then sets forth that Swenson's testimony would establish Bucky's Express' negligence in this slip and fall case, that he reached certain conclusions without knowing anything about the actions taken by the Defendant, and that the presentation of his testimony would be misleading and confusing to the jury as he affirmatively



EXHIBIT E

misrepresents the standard of care under Iowa law. In addition, Defendant sets forth that his testimony would provide no meaningful assistance to the trier of fact.

The Plaintiffs in their resistance set forth that Swenson does have "specialized knowledge" under Rule 5.702 of the Iowa Rules of Evidence and that his testimony would help the trier of fact to understand the evidence or to determine a fact in issue. Plaintiffs further set forth that Swenson had to pass a 200-question test within three hours to complete a course that was specifically designed regarding the removal of snow and ice, which required knowledge of which chemicals, equipment and techniques to best accomplish that goal. Swenson is also required to earn 15 credits in continuing education to keep the certificate in good standing, and he has done so.

In *Oldham v. Shenandoah Comm. School District,* the district court excluded testimony from an expert with a PhD in recreation and park administration after a child had slipped and fallen on ice on the school playground. 461 N.W.2d 207 (Ia. App. 1990). The court excluded the testimony regarding "the standards of care the school district was responsible for in the maintenance and supervision of its playground area." The court found the "complexity of the issue is debatable" and "relatively little outside information was necessary to aid the jury in reaching its conclusion." *Id*. at 208-209.

The court also notes the advisory committee's notes set out under Rule 5.702 of the Iowa Rules of Evidence. There it is set forth that "whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier. There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *Ladd, Expert Testimony,* 5 Vand. L. Rev. 414, 418 (1952). When opinions are excluded, it is because they are unhelpful and therefore superfluous and a waste of time. 7 Wigmore, Section 1918.

There is no question that the Court has discretion to exclude expert testimony that would not be helpful and/or would be misleading or confusing to a jury. In the case before this Court, Swenson's testimony about a site that he has not observed personally would seem to fall under the *Oldham* decision, in that there would be little outside information to aid the jury in this particular case in reaching its conclusion. Also, the court finds little outside information is necessary to aid the jury in reaching a conclusion

in this matter. Therefore, the Court finds that the Defendant's motion to strike testimony of the expert should be sustained.

The Court will next address the Defendant's motion for summary judgment. Summary judgment is only appropriate when the moving party shows that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. *Borchel v. City of Perry,* 512 N.W.2d 565, 567 (Iowa 1994). A fact issue exists if reasonable minds can differ on how the issue should be resolved. *Putensen v. Hawkeye Bank of Clay Cnty.,* 564 N.W.2d 404, 407 (Iowa 1997). When the facts are undisputed and the only issue is the legal consequence of those facts, summary judgment may be entered. *Lubben v. Chicago Cent. & Pac. R. Co.,* 563 N.W.2d 596, 597 (Iowa 1997). The burden is on the moving party to prove that the facts are undisputed. *Estate of Harris v. Papa John's Pizza,* 679 N.W.2d 673, 677 (Iowa 2004) (quoting *Phillips v. Covenant Clinic,* 625 N.W.2d 714 (Iowa 2001)).

The court is "required to examine, in the light most favorable to the nonmoving party, the entire record before it including pleadings, admissions, depositions, answers to interrogatories and affidavits." *In re Eickman's Estate,* 291 N.W.2d 308, 312 (Iowa 1980). The court must also construe all legitimate inferences that are reasonably deducible from the record on behalf of the nonmoving party. *Estate of Harris,* 679 N.W.2d at 677. In ruling on a motion for summary judgment, the court considers the record as it then exists. *Prior v. Rathjen,* 199 N.W.2d 327, 331 (Iowa 1972).

The Defendant in its brief in support of its motion sets forth the "extraordinary" efforts that were put forth by Defendant's assistant manager, Gregory Poth, in regards to addressing the snow pack at the location the Plaintiff has indicated that she fell on the date of February 6, 2014. Defendant further sets forth that Plaintiff Addison has admitted she was aware that she was stepping on some snow when she left her vehicle at the handicap parking space at the Defendant's place of business on the date in question and, therefore, she did not believe that Defendant had failed to warn her of the snow and ice. Defendant further stressed that this case was very similar to the decision in *Reuter v. Iowa Trust & Sav. Bank,* 57 N.W.2d 225, 226-227 (Iowa 1953). In *Reuter,* the court held:

> It must be conceded that the steps were slippery and dangerous and had the [defendant] been an insurer, or had by contract agreed to keep the steps in a safe condition, there would be such a breach of duty as to warrant a finding of negligence. However, the duty is only to exercise reasonable and ordinary care to keep them safe and the question is therefore not, except perhaps incidentally,

whether they were safe but whether or not the [defendant] had failed to use reasonable care to keep them safe.   It is quite a different duty.
We think the sensible and correct rule to apply to cases, such as at bar, is well stated in *Walker v. Memorial Hospital,* 187 Va. 5, 45 S.E.2d 898, 902, where it is said:

> 'The authorities are in substantial accord in support of the rule that a business establishment, landlord, carrier, or other inviter, in the absence of unusual circumstances, is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps.  The general controlling principle is that changing conditions due to the pending storm render it inexpedient and impractical to take earlier effective action, and that ordinary care does not require it.'

Therefore, Defendant points out in its brief that the only legal duty on the Defendant was to take "reasonable and ordinary care."  Since they have shown this under the "extraordinary" efforts of assistant manager Poth and the actions he took on February 6, 2014, Plaintiffs' case must be dismissed with prejudice.

Plaintiffs' resistance to the Defendant's motion for summary judgment sets forth that the facts of *Reuter* are not applicable in this case.  They set forth that 3.4 inches of snow fell during the two days prior to the Plaintiff falling.  There is nothing in the record to indicate that the Defendant did anything to alleviate those conditions prior to the day of the Plaintiff's fall.  Defendant in its brief concedes that the Defendant removed as much of the snow pack as possible on February 6, 2014, and that the snow pack was frozen to the ground.   This was in the handicap parking area of the Defendant's parking lot where, as the Plaintiffs point out, the parking spaces are utilized by our most sensitive citizens.  Therefore, looking at the entire record before the Court in a light most favorable to the Plaintiffs, this Court, at this time, cannot find that there is no genuine issue of a material fact existing.  There is nothing in the record to show what or if the Defendant did anything regarding the prior snowfall and that if this did lead to the snow pack area in the handicap parking space.  Therefore, the Court finds that the Defendant's motion for summary judgment should be denied.

IT IS THEREFORE ORDERED that the Defendant's motion to exclude expert opinion testimony of Jeremy Swenson is sustained.

E-FILED  2017 JUN 21 12:14 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IT IS FURTHER ORDERED that the Defendant's motion for summary judgment is denied.

E-FILED  2017 JUN 21 12:14 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:** OTHER ORDER

**Case Number**     **Case Title**
LACV114151     JANICE ADDISON V BUCK'S CORP INC

So Ordered

Mark J. Eveloff, District Court Judge,
Fourth Judicial District of Iowa

Electronically signed on 2017-06-21 12:14:11     page 6 of 6