IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01307-CMA-MEH

MATTHEW PILATTI, an individual,

Plaintiff,

v.

HACIENDA II PARTNERS, LLLP

Defendant.

**DEFENDANT HACIENDA II PARTNERS, LLLP'S COMBINED MOTIONS IN LIMINE**

Defendant, **HACIENDA II PARTNERS, LLLP,** by its attorneys, **LASATER & MARTIN, P.C.,** submits its Combined Motions *in Limine*, and in support thereof, states as follows:

## I. CERTIFICATE OF CONFERRAL

Undersigned counsel has conferred by telephone and via email with Plaintiff's counsel as to all issues raised in Defendant's Combined Motions *in Limine* and the relief requested herein. Plaintiff opposes the Combined Motions and the requested relief.

## II. INTRODUCTION

This action arises out of an alleged slip and fall on ice in the parking lot of Hacienda, Colorado in Englewood, Colorado on January 18, 2017. Plaintiff asserts a claim against Hacienda II Partners, LLLP (hereinafter, "Hacienda") pursuant to Colorado's Premises Liability Act, C.R.S. § 13-21-115. Plaintiff was attending a work-related dinner party when the incident occurred, and he filed a workers' compensation claim with the Washington State Department of Labor and

1

Industries related to the incident. See Exhibit A, Correspondence. Plaintiff received workers' compensation benefits and was given a workers' compensation impairment rating. See Exhibit B, Payment Ledger; Exhibit C, Singh Report; Exhibit D, Medical Evaluation. His medical treatment was paid for by his workers' compensation carrier. See Exhibit B. Plaintiff's retained expert Dr. Virtaj Singh has been endorsed to provide testimony as to his impairment rating, prognosis, and future medical expenses. See Exhibit C, Singh Report, at pages 6, 8.

A motion *in limine* is filed by a party to an action prior to trial in an attempt to exclude certain evidence or argument from trial. *See Good v. A.B. Chance Co.*, 565 P.2d 217 (Colo. App. 1977). A motion *in limine* may be used to forestall introduction of potentially prejudicial evidence until the court has ruled on its admissibility outside the presence of the jury. *Id.* at 221. A trial court has the authority to rule on motions *in limine* based on its authority to control the course of trial and to determine the admissibility of evidence. *Id*.

### III.   ARGUMENT

**1. Plaintiff's workers' compensation impairment rating is irrelevant and inadmissible.**

Irrelevant evidence is not admissible. F.R.E. 402. Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. F.R.E. 403. Federal law generally governs the admissibility of evidence in diversity cases in federal court. *See, e.g., Sims v. Great American Life Ins. Co.*, 469 F.3d 870, 880 (10th Cir. 2006) (citations omitted). In particular, federal law governs relevancy and prejudice determinations. *Romaine v. Parman*, 831 F.2d 944, 944-45 (10th Cir. 1987) (citations omitted).[1]

---

[1] As such, the Colorado Court of Appeals' recent decision concluding that a workers' compensation impairment rating was relevant is not binding on this Court. *See Herrera v. Lerma*, No. 17CA0991, 2018 Colo. App. LEXIS 1328 (September 20, 2018).

Plaintiff's workers' compensation impairment rating has no relevance in the context of this civil liability action. As in Colorado, in Washington, payments to workers injured on the job are governed by statute. *See*, Wash. Rev. Code § 51.32.010. Washington statutory law provides standards for medical examinations conducted on injured workers for purposes of determining the existence and extent of disabilities, and it provides for payments to workers deemed impaired according to a statutory fee schedule. *See*, RCW § 51.32.112, § 51.32.080. Compensation for a disability is determined in accordance with classifications established by Washington's Department of Labor and Industries and calculated according to an established formula. *See* RCW § 51.32.080. Impairment ratings used to determine compensation are made according to an intricate set of standards particular to Washington's workers' compensation regulations. *See* WAC 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. The purpose and application of those impairment ratings is limited to the workers' compensation context; they have minimal, if any, probative value in the context of a civil liability action such as this. *See Boardman v. Hauck*, 2012 U.S. Dist. LEXIS 115486 (D. Colo. Aug. 16, 2012) (holding workers' compensation impairment rating inadmissible because it was insufficiently probative and unduly prejudicial) (attached hereto as Exhibit E). The highly specific and *limited* use for Plaintiff's workers' compensation impairment rating *outside* the context of this action renders it inadmissible. *See id*.

Even if it had some minimal relevance, Plaintiff's impairment rating must be excluded because it is unduly prejudicial and would only confuse the issues and mislead the jury. *See id*. (impairment rating unfairly prejudicial and misleading). Plaintiff's impairment ratings were made by two different physicians who came to differing conclusions. See Exhibit C, at page 8; Exhibit D, at page 8. The report by Plaintiff's retained expert does not appear to provide the essential elements of impairment rating reports required by Washington regulations. *See id*.; WAC 296-20-

3

2010. Defendant was not a party to any proceedings regarding Plaintiff's workers' compensation benefits and thus had no opportunity to challenge the rating provided by the Washington Department of Labor and Industries. Because this case does not involve a claim for benefits pursuant to Washington's workers' compensation laws, the jury will not be given evidence as to how to interpret and use the particular impairment ratings assigned to Plaintiff. If it were given such evidence, testimony would have to be derived as to what the impairment ratings are used for, what criteria is used to determine them, and how they are calculated, thereby injecting complex, confusing, and superfluous evidence into the trial. The admission of Plaintiff's impairment *rating* itself is needless. *See Boardman*, 2012 U.S. Dist. LEXIS 115486 at *9 (impairment rating needlessly cumulative in light of other evidence plaintiff could use to establish limitations). The rating is irrelevant, prejudicial, and wholly unnecessary, warranting its exclusion.

**2. The invalid amounts charged for Plaintiff's medical treatment are irrelevant and inadmissible.**

Plaintiff is seeking to introduce the full billed amounts for his past medical expenses. However, Plaintiff's workers' compensation payment ledger shows $3,173.95 in adjustments of the full billed amounts to the amounts allowed to be charged by statute for specific medical services rendered. See Exhibit B, Payment Ledger. The amounts billed exceeded those allowed by statute and were thus invalid. Washington's Industrial Insurance Act requires the director of the Department of Labor and Industries to "establish and, in his or her discretion, periodically change as may be necessary, and make available a fee schedule of the maximum charges to be made by any physician, surgeon…or other agency or person rendering services to injured workers." RCW § 51.04.030 (2). The director or self-insurer shall approve and pay **only** those bills rendered for the care and treatment of injured workers which conform to established fee schedules. RCW § 51.04.030 (3). Charges in excess of the established fee schedule are **invalid**:

> No service covered under [Title 51, "Industrial Insurance"] including services provided to injured workers…shall be charged or paid at a rate or rates exceeding those specified in such fee schedule, and no contract providing for greater fees shall be valid as to the excess.

RCW § 51.04.030. Colorado's corollary to the above-quoted law states:

> [I]t is unlawful, void, and unenforceable as a debt for any physician, chiropractor, hospital, person, expert witness, reviewer, evaluator, or institution to contract with, bill, or charge any party for services, rendered in connection with injuries coming within the purview of this [workers' compensation] article or an applicable fee schedule, which are or may be in excess of said fee schedule unless such charges are approved by the director.

C.R.S. § 8-42-101(3)(a)(1). Amounts billed by Plaintiff's providers to the Washington Department of Labor and Industries, and sought by Plaintiff as damages in this lawsuit, are in excess of the statutory fee schedule, and thus invalid pursuant to Wash. Rev. Code § 51.04.030. They have no evidentiary value and must be excluded as irrelevant.[2]

Multiple district courts have excluded any evidence of billed amounts when addressing damages as they pertain to workers' compensation bills based on the irrelevance and illegality of the damages. See Exhibits F, G, H, I, Orders. Judge Brooke Jackson of this federal district court has excluded such evidence because it is irrelevant and prejudicial. See Exhibit I. Because the Colorado Supreme Court has not addressed the question presented here, the Court may consider all available resources in making its ruling, including decisions of Colorado district courts, other state courts, and federal courts, as well as the general weight and trend of authority. *In re Dittmar*, 618 F.3d 1199, 1204 (10th Cir. 2010) (citation omitted). The general weight and trend of authority in Colorado prohibits the introduction of evidence of amounts billed in excess of the workers'

---

[2] Hacienda does not dispute that workers' compensation insurance and payments constitute a collateral source. Further, Hacienda has no intention of injecting "workers' compensation payments" into the case. Hacienda anticipates Plaintiff attempting to confuse the issues to the Court. The issue is *not* whether workers' compensation is an inadmissible collateral source or whether Plaintiff's recovery must be reduced due to payments by a collateral source; the issue is whether Plaintiff is allowed to present as evidence invalid and illusory amounts that were billed in violation of RCW § 51.04.030.

compensation fee schedule amounts.  See Exhibits F, G, H, I.  In the words of Judge Brooke Jackson, the full amounts billed in excess of the workers' compensation fee schedule do "not represent any legitimate numerical figure related to [the plaintiff's] damages" and hence are wholly irrelevant, misleading, and prejudicial.  Exhibit I, page 7-8.  Plaintiff cannot present as evidence medical damages in excess of the statutorily set workers' compensation fee schedule amounts because such damages are invalid under RCW § 51.04.030, and, as such, are no different than the illegal amounts Colorado district courts have held inadmissible.

3. **Plaintiff's retained expert Virtaj Singh, MD should not be permitted to testify to speculative future conditions or to $50,000.00 in potential future medical expenses.**

A party must disclose a "complete statement of all opinions" a retained expert will express "and the basis and reasons for them" and the "facts or data considered by the expert in forming" his or her opinions. F.R.C.P. 26 (a)(2)(B). It is "not sufficient that an expert report merely set forth the opinions the expert will offer; it must also describe the reasons and basis for those opinions." *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 430 (N.D. Okla. 2008).  Expert reports "must include 'how' and 'why' the expert reached a particular result, not just his conclusory opinion."  *Id*.; *Salgado by Salgado v. Gen. Motors Corp*., 150 F.3d 735, 742 (7th Cir. 1998).  As Judge Arguello has stated, "admissible expert opinion requires a foundation based on facts that allow the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation." *James River Ins. Co. v. Rapid Funding, LLC*, No. 07-cv-01146-CMA-BNB, 2009 U.S. Dist. LEXIS 14199, at *20-21 (D. Colo. Feb. 24, 2009) (citations omitted) (quotation omitted).  District Courts must carefully weigh the value of expert testimony against its potential to mislead or confuse. F.R.E. 403; *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004).  In addition, a party must provide to other parties a computation of any category of damages claimed by the disclosing party and "mak[e] available…the documents or other evidentiary material…on which each

6

computation is based." F.R.C.P. 26 (a)(1)(A)(iii).  If a party fails to disclose information required by Rule 26(a) without substantial justification, she is precluded from using such evidence at trial, unless the failure was harmless.  F.R.C.P. 37 (c)(1). The sanction for failure to disclose is self-executing.  *See id*. at Advisory Committee's Note (1993).

Plaintiff has undergone no recent medical treatment, and Dr. Singh opines that he is at "maximum medical improvement."  *See* Exhibit C, pages 1-3, 8.  Yet, Dr. Singh claims that Plaintiff will "likely" need "future x-rays, future assessments with orthopedic specialists, and future visits of physical therapy" and "further evaluation of possible Achilles tendinopathy…and possible treatment as indicated depending on the findings of this testing," at a total cost of "approximately $50,000."  *Id*. at pages 6, 8.  He provides no specific information supporting the $50,000 figure.  *See id*.  A disclosure containing such vague and conjectural claims as to future medical treatment does not comply with F.R.C.P. 26 (a)(2)(B) or F.R.C.P. 26 (a)(1)(A)(iii), and Singh's claim that Plaintiff will require about $50,000 in treatment is merely conclusory.  Singh further states Plaintiff is at risk for developing "certain" secondary concerns, such as complex regional pain syndrome, but that he **does not anticipate** Plaintiff will develop such conditions.  *Id*. at page 6.  Nevertheless, he speculates that "were he to develop" such unidentified conditions in the future, "they would also clearly be related to the fall in question."  *Id*.  Singh himself is stating he **does not believe** Plaintiff will develop unspecified "secondary conditions," yet he claims **any** such conditions would "clearly" be related to Plaintiff's fall.  That opinion is baseless speculation of no probative value, and it can only serve to mislead the jury.

WHEREFORE, Defendant respectfully requests this Court enter an Order GRANTING its Motions and excluding Plaintiff's workers' compensation impairment rating; excluding Dr. Singh's testimony as to future medical expenses and conditions; and precluding evidence of billed

7


amounts that are in excess of the statutorily mandated fee schedule for past medical treatment provided to Plaintiff under Washington's Industrial Insurance Act.

Respectfully submitted on this 6th day of February, 2019.

LASATER & MARTIN, P.C.

*/s/ Katherine L. Brim*

J. Scott Lasater, #16070
Katherine L. Brim, #46532
8822 S. Ridgeline Blvd., Suite 405
Highlands Ranch, CO 80129
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2019, a true and correct copy of the foregoing DEFENDANT HACIENDA II PARTNERS, LLLP'S COMBINED MOTIONS IN LIMINE was electronically filed using CM/ECF and served via electronic mailing on all counsel of record.

Myers & Company, P.L.L.C.
Michael David Myers
1530 Eastlake Avenue East
Seattle, Washington 98102
mmyers@myers-company.com
slin@myers-company.com

THOMAS KEEL & LAIRD, LLC
Matthew R. Laird, Esq.
Isobel S. Thomas, Esq.
50 South Steele Street, Suite 450
Denver, Colorado 80209
ithomas@thomaskeel.com
mlaird@thomaskeel.com

*/s/ Kim Coupal*